UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROSA MARIE COLES MILLER,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL[1],<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 16-02355 SJO (AJW)<br><br>ORDER DISMISSING ACTION<br>WITHOUT PREJUDICE<br>Fed. R. Civ. P. 4(m) |

       On April 6, 2016, plaintiff, proceeding pro se and in forma pauperis, filed a complaint for judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits. [Docket ("Dkt.") No. 1]. On April 7, 2016, an order was filed directing plaintiff to "promptly serve the summons and complaint on the Commissioner in the manner required by Rule 4(i) of the Federal Rules of Civil Procedure" and to file a proof of service within 30 days. [Dkt. No. 5].

       On May 23, 2016, plaintiff requested a 60-day extension of time to file proof of service of the summons and complaint on the ground that she did not "understand the protocol." [Dkt. No. 7]. In support of her request, plaintiff stated: "I will serve the summons and complaint immediately. I visited the federal Pro Se Clinic in Los Angeles and learned how to serve properly." [Dkt. No. 7]. Plaintiff's request was

---

[1] Nancy A. Berryhill is substituted for her predecessor in office, Carolyn W. Colvin. Fed. R. Civ. P. 25(d).

granted, giving her until July 24, 2016 in which to file proof of service of the summons and complaint. [Dkt. No. 8].  Plaintiff has not filed proof of service of the summons and complaint.

Plaintiff has the burden to establish that she timely served the summons and complaint in compliance with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ."). Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

The Court granted plaintiff's request for a 60-day extension of time and ordered that proof of service be filed by July 24, 2016, but plaintiff did not comply with that deadline despite stating that she would "immediately" serve defendant.  Plaintiff did not request a further extension of time or attempt to explain her failure to comply with that order.  More than ten months have passed since plaintiff filed her complaint, so plaintiff has had seven months longer than the 90-day period authorized by Rule 4(m) to complete service of the summons and complaint. Nothing in the record indicates that plaintiff in fact served defendant or has taken any other steps to prosecute this case, nor has defendant appeared in this action.

For these reasons, this action is **dismissed without prejudice** pursuant to Rule 4(m) for failure to timely serve the summons and complaint.

**IT IS SO ORDERED.**

March 3, 2017

*S. James Otero*
_____
S. JAMES OTERO
United States District Judge